UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID LAPA,<br><br>          Plaintiff,<br><br> -against-<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>          Defendant | No. 21-cv-04737-NSR<br><br>**AMENDED COMPLAINT** |

Plaintiff, by his attorney, amending his Complaint, pursuant to F.R.Civ.P. 15(a), by his attorney, alleges:

## THE PARTIES

 1. Plaintiff David Lapa is an individual residing in the County of Rockland, State of New York.

 2. Upon information and belief, defendant JPMorgan Chase Bank, N.A. is a national banking association.

## AS AND FOR A FIRST CAUSE OF ACTION

 3. Plaintiff has been a customer of defendant and has been utilizing its banking services for almost two decades.

 4. Plaintiff and defendant entered in an agreement whereby defendant issued a credit card for his use.

 5. Plaintiff is not in default on any of his obligations to defendant.

 6. During their entire business relationship, plaintiff has never been in default on any of his obligations to defendant.

7. Plaintiff consistently paid all amounts as they become due, and his accounts have never been in a state of default.

8. On May 14, 2021, defendant summarily terminated plaintiff's credit card account.

9. Pursuant to agreement between plaintiff and defendant, defendant was not permitted to terminate the credit card account without notifying him of its intention before the account was terminated.

10. In violation of said agreement and the implied covenant of good faith in the parties' agreement defendant did not provide plaintiff with any notice that the credit card account would be closed, nor did it advise plaintiff it was considering or contemplating closing plaintiff's accounts.

11. Plaintiff regularly relied on and depended on the credit card services which defendant provided to plaintiff and defendant was aware of that fact.

12. Defendant also wrongfully advised credit agencies and/or other third parties that plaintiff's credit card account had been terminated.

13. The closing of plaintiff's credit card account will have severe negative consequences on his credit standing.

14. Defendant knew and it was foreseeable that the action it took would cause damage to plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff repeats and realleges each of the allegations heretofore as if more fully set forth herein.

16. Plaintiff had maintained bank accounts with defendant.

17. Upon information and belief, the agreement between the parties relating to the bank accounts provided that defendant could not close plaintiff's accounts without notice.

18. On May 14, 2021, without notice, defendant closed plaintiff's personal and business accounts.

19. This constituted a breach of the parties' agreement and the implied covenant of good faith in the parties' agreement.

20. Defendant also wrongfully advised credit agencies and/or other third parties that plaintiff's bank accounts had been closed.

21. On and after May 14, 2021, plaintiff received numerous notifications that automatic payments to other parties, which was authorized by plaintiff, and which had been paid for many years, were not paid.

22. Defendant's conduct directly caused plaintiff to miss payments owed to third parties.

23. Plaintiff regularly relied on and depended on the banking services defendant provides to plaintiff.

24. The closing of plaintiff's bank accounts will have severe negative consequences on his credit standing.

25. Defendant knew and it was foreseeable that the action it took would cause damage to plaintiff.

WHEREFORE, plaintiff demands judgment:

a) On the First Cause of Action, damages, which are ongoing, in an amount to be determined at trial but in no event less than $200,000;

b) On the Second Cause of Action, damages, which are ongoing, in an amount to be determined at trial but in no event less than $200,000;

    c)     A permanent injunction compelling defendant reopen plaintiff's accounts, and enjoining defendant from taking further action as to plaintiff in violation of the terms of the agreements between the parties; and

    d)     For such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury

Dated: Brooklyn, New York
       June 28, 2021

*s/ Solomon Rosengarten*
_____
SOLOMON ROSENGARTEN
Attorney for Plaintiff
1704 Avenue M
Brooklyn, New York 11230
718-627-4460