**MEMORANDUM ENDORSEMENT**

*Lapa v. JPMorgan Chase Bank, N.A,*

21-cv-04737-NSR

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/13/2021__

MEMO ENDORSED

On June 21, 2021, the Court granted Defendant leave to file its motion to dismiss and set a briefing schedule. (ECF No. 6.) Plaintiff attempted to file an amended complaint on June 28, 2021, but that filing was rejected because leave had not been granted by the Court. (ECF No. 8). On July 1, 2021, Plaintiff re-filed the Amended Complaint with a proposed stipulation and order (ECF Nos. 9 and 10), which the Court entered, pursuant to which Defendant was required to respond on or before August 16, 2021 (ECF No. 11). On July 23, 2021, Defendant filed a motion to dismiss the complaint. (ECF No. 12.) The Court denied the motion without prejudice for failure to follow the Court's individual rules, deemed the moving papers to have been served on July 23, 2021 and directed that opposition papers be served on August 25, 2021 and reply papers served on September 9, 2021, with all papers to be filed on September 9, 2021. (ECF No. 14, amended ECF No. 15.)

Defendant filed only the reply papers on September 9, 2021, so the Court emailed counsel directing them to re-file the moving papers and then file the opposition and reply papers linking them to the motion. The motion papers have now been filed (ECF Nos. 18, 19, 20, 22, 23.) Plaintiff also filed a letter motion to strike part of Defendant's reply memorandum of law (ECF No. 21) and Defendant filed a letter motion seeking a pre-motion conference or revised briefing schedule to "clean up" the docket because Defendant's Moving Papers are addressed to the initial Complaint, and the Opposition and Reply papers are addressed to the Amended Complaint (ECF No. 24.) Plaintiff opposed Defendant's letter motion on the basis that the Amended Complaint was filed on July 1, 2021, before Defendant filed its moving papers. (ECF No. 25.)

The Court denies Plaintiff's letter motion to strike, grants Defendant's letter motion for a new briefing schedule to address only the two claims in the Amended Complaint. Moving papers shall be served (not filed) on September 28, 2021; opposition papers shall be served (not filed) on October 13, 2021; and reply papers shall be served on October 20, 2021. All motion papers shall be filed on the reply date, October 20, 2021. The parties shall provide two hard copies of all motion papers as they are served. This revised and abbreviated motion schedule will enable more efficient resolution of the motion without significant delay to the parties.

In light of the new briefing schedule, the Court denies the pending motion to dismiss without prejudice.

The Clerk of Court is directed to terminate the motions at ECF Nos. 18, 21, and 24.

Dated: September 13, 2021
      White Plains, NY

SO ORDERED:

*[signature]*
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**SOLOMON ROSENGARTEN**
Attorney-at-Law
1704 Avenue M
Brooklyn, New York 11230
(718)627-4460
Fax (718) 637-4456
vokma@aol.com

Admitted to Practice:
New York
New Jersey

September 13, 2021

Hon. Nelson S. Roman
U.S. District Judge
300 Quarropas St.
White Plains, NY 10601-4150

     Re: Lapa v. JPMorgan Chase Bank
     Case No. 21-cv-04737 (NSR)

Dear Judge Roman:

I am the attorney for the plaintiff in the above-entitled matter. I am writing to request a pre-motion conference to move to strike a part of defendant's Reply Memorandum of Law. Alternatively, I ask this to consider this letter in lieu of a formal motion to strike part of defendant's reply Memorandum of Law and Exhibit A annexed to the Declaration of Toby S. Soli, Esq. in further support of defendant's motion.

In his Amended Complaint, plaintiff has stated two causes of action. The first one seeks damages for closing his credit card account without notice and without providing plaintiff with a reason for defendant's action. The second cause of action seeks damages for closing plaintiff's bank account without notice and without providing a reason for defendant's action.

In its motion to dismiss, defendant seeks to dismiss plaintiff's claim that it improperly closed his bank account. It does not seek dismissal of his claim that defendant improperly closed his credit card account. Indeed, defendant's motion papers do not even mention plaintiff's claim that defendant improperly closed plaintiff's credit card account.

In its Reply Memorandum of Law, defendant argues that plaintiff has not set forth a plausible claim that his credit card account was improperly closed. This is a "backdoor" attempt to seek relief in reply papers which was not sought on its motion to dismiss. A party seeking relief by motion must set forth its arguments in its moving papers. A party cannot seek relief in reply papers on grounds not raised in its motion. Reply papers are not the proper place for new arguments or requests for relief. *U.S. v. Letscher*, 83 F.Supp.2d 367, 377 (SDNY 1999); *Irish*

Hon. Nelson S. Roman, U.S.D.J.
Page 2
September 13, 2021

*Lesbian and Gay Organization v. Giuliani*, 918 F.Supp. 728. 731 (SDNY 1996). Therefore, that part of defendant's reply Memorandum of Law which argues that plaintiff's cause of action for closing his credit card account does not set forth a plausible claim should be stricken.

Exhibit A annexed to the Declaration of Toby S. Soli, Esq. is a copy of the "Card Member Agreement" which relates to plaintiff's credit card account. It should be stricken for the same reason. Since the defendant's motion to dismiss did not address plaintiff's claim that his credit card was improperly closed, that Exhibit should be stricken.

If the Court decides not to strike that part of defendant's reply papers, it should grant leave to the plaintiff to file sur-reply papers to address defendant's new arguments. Since defendant did not address the cause of action relating to the closing of plaintiff's credit card account in its motion to dismiss, it was not addressed in plaintiff's opposition papers. It would be manifestly unfair to allow defendant to raise a new argument without giving plaintiff an opportunity to address this issue.

Plaintiff also seeks leave of this Court to address another argument made by defendant in its reply papers. In response to the plaintiff's argument in his opposition papers that the "Deposit Account Agreement.," which was in effect on May 14, 2021, was not relevant because plaintiff had opened his account in 2005, defendant argues that the relevant date is the date the account was closed since the Agreement allows Chase to change its terms. This argument lacks merit because the provision allowing the defendant to change the agreement is contained in the Agreement which was in effect on May 14, 2021, not the one which was in effect when plaintiff opened his account. Plaintiff therefore seeks leave to formally address this issue in sur-reply.

Respectfully yours,

s/ *Solomon Rosengarten*

Solomon Rosengarten



Toby S. Soli
Tel 212.801.9200
solit@gtlaw.com

September 13, 2021

**VIA ECF**
Hon. Nelson S. Román
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

  Re: *David Lapa v. JPMorgan Chase Bank, N.A.*, No. 7:20-cv-04737-NSR

Dear Judge Román:

  We are counsel to Defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter and write, pursuant to Rule 3.A.ii of Your Honor's Individual Practices in Civil Cases, to respectfully request a pre-motion conference, or a revised briefing schedule, in connection with Chase's motions (a) to dismiss Plaintiff David Lapa's ("Lapa") ***Amended Complaint, dated July 1, 2021***, and (b) to dissolve the order, dated May 21, 2021, issued by New York Supreme Court, County of Rockland (the "TRO").

  **I. Factual and Procedural Background**

  On May 19, 2021, Lapa filed his initial Complaint [Dkt.1-1], and Application for Preliminary Injunction [Dkt.#1-2], in Supreme Court of the State of New York, Rockland County, asserting five causes of action: (1) violation of 15. U.S.C. § 1637 (Consumer Credit Cost Disclosure statute); (2) permanent injunction; (3) breach of contract; (4) breach of duty of good faith and fair dealing; and (5) equitable relief. Lapa sought and obtained an *ex parte* TRO, "temporarily restrain[ing] [Chase] from taking further action against Plaintiff including any reporting to any credit agencies or third parties." [Dkt. #1-2, pp. 82-83.] Chase removed the action to this Court. [Dkt. 1.]

  On June 14, 2021, in accordance with this Court's rules, Chase requested a pre-motion conference in connection with Chase's anticipated motions (a) to dismiss all five causes of action in the initial Complaint, with prejudice, and (b) to dissolve the TRO. [Dkt. #4.] On June 21, 2021, this Court entered an Order, waiving the pre-motion conference requirement and granting Chase leave to file its motion on or before July 23, 2021. [Dkt. #6.] On July 23, 2021, Chase filed its motion in accordance with that Order, and moved to dismiss all five causes of action alleged in Plaintiff's initial Complaint. [Dkt. ##12-13.]

  However, in the interim, Plaintiff filed an Amended Complaint on July 1, 2020. [Dkt. #10.] In his Amended Complaint, Lapa now only asserts two causes of action: (1) breach of contract and breach of the implied covenant of good faith and fair dealing in connection with Chase's closure of Lapa's *credit card accounts*, and (2) breach of contract and breach of the implied covenant in connection with Chase's closure of Lapa's *bank accounts*.

Greenberg Traurig, LLP | Attorneys at Law
MetLife Building | 200 Park Avenue | New York, New York 10166 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

September 13, 2021
Page 2

In accordance with this Court's memo endorsed order dated July 26, 2021 [Dkt. #14], Plaintiff served (not filed) his Opposition to Chase's motions on August 25, 2021. Then, on September 9, 2021, Chase served and filed its Reply in further support of its motions. [Dkt. ##16, 17.] As acknowledged in the Reply, the initial motion papers are addressed to the initial Complaint, and the Opposition and Reply papers are addressed to the Amended Complaint.

Accordingly, to "clean-up" the docket, and in order to comply with Your Honor's rules, Chase requests another pre-motion conference, or a revised briefing schedule, to address Chase's motion to dismiss the *Amended Complaint* and dissolve the TRO.

### II.    Lapa Has Not Pled a Plausible Claim for Breach of the Cardmember Agreement.

The clear and unambiguous language in the Cardmember Agreement precludes any breach of contract claim related to the closure of Lapa's credit card accounts on May 14, 2021. More specifically, the express terms of the Cardmember Agreement provide, among other things:

- "Credit Access Line. [Chase] may cancel, change or restrict your credit availability at any time."

- "Authorization of Transactions/Closing Your Account. [Chase] is not obligated to honor every transaction, and *[Chase] may close or suspend your account*. Sometimes [Chase may] close accounts based not on your actions or inactions, but on [Chase's] business needs. *[Chase] may decline transactions for any reason*, including: operational matters … [Chase is] not responsible for any losses associated with a declined transaction."

### III.   Lapa Has Not Plead a Plausible Claim for Breach of the Deposit Account Agreement.

The clear and unambiguous language in the Deposit Account Agreement precludes any breach of contract claim related to the closure of Lapa's bank accounts on May 14, 2021. More specifically, the express terms of the Deposit Account Agreement provide, among other things:

- "VIII. Closing Your Account. Either you or [Chase] may close your account (other than a CD) *at any time for any reason or no reason without prior notice*. …*After your account is closed, we have no obligation to accept deposits or pay any outstanding checks* … We will have no liability for refusing to honor any check drawn on a closed account. We have the right to advise consumer reporting agencies and other third party reporting agencies of accounts closed for misuse, such as overdrafts. This agreement continues to apply to your account and issues related to your account even after it closes. [Emphasis added.]

- IX. Other Legal Terms.  …B. General Liability. … **[CHASE[ WILL NOT BE LIABLE FOR INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE FORM OF ACTION AND EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.** [Emphasis in Original.]

These unambiguous terms leave no doubt that Chase has the contractual right to close Lapa's accounts. Nothing in the contract suggests or implies in any way that Chase cannot close the accounts without first notifying Lapa or providing him a reason for the closures.

September 13, 2021
Page 3

### IV.   Lapa Does Not Allege Facts Sufficient to Support a Plausible Claim for Breach of the Implied Covenant of Good Faith and Faith Dealing.

In his Amended Complaint, Lapa eliminated his separate, stand-alone cause of action for breach of the implied covenant (Count IV in the original Complaint), and instead he combined the allegations, claiming that Chase's closure of the accounts without notice constituted *both* a breach of the express terms of the parties' agreements and the implied covenant in those agreements (Amended Complaint, Count I at ¶10 and Count II at ¶ 19).  But these mere conclusory allegations do not supply the missing *factual* predicate required for a viable implied covenant claim.

Here, Chase had the express contractual right to close the accounts and there was no requirement to provide advance notice.  The implied covenant does not create new duties, especially duties that negate defendant's explicit rights under the contract. Moreover, Lapa has failed to plead any additional *facts* that would support an inference that Chase's actions were taken in bad faith. *See Integra FX3X Fund, L.P. v. Deutsche Bank*, AG, No. 14-CV-8400, 2016 U.S. Dist. LEXIS 37092, at *9 (S.D.N.Y. Mar. 22, 2016) (dismissal of implied covenant claim is appropriate where plaintiff's "conclusory allegations of bad faith fail to meet the high bar to state a claim").  Thus, Plaintiff's claims should be dismissed.

### V.   This Court Should Dissolve the TRO.

Finally, this Court should to dissolve the TRO restraining Chase from taking action against Lapa "including any reporting to any credit agencies or third parties." [Dkt. 1-2 at 82.]  Rule 65(b)(4) of the Federal Rules of Civil Procedure permits the party adverse to the TRO to "move to dissolve or modify the order" with 2 days' notice to the party who obtained the TRO.  Fed. R. Civ. P. 65(b)(4).  "A court may grant a motion to dissolve a TRO pursuant to Rule 65(b)(4) if the TRO was improperly issued."  *KDH Consulting Grp. LLC v. Iterative Capital Mgmt. L.P.*, No. 20-CV-3274, 2020 U.S. Dist. LEXIS 88706, at *14 (S.D.N.Y. May 20, 2020).  For the reasons set forth above, Lapa's claims fail on the merits so there is no basis for a TRO, and it should be dissolved.

### VI.   Conclusion

For the foregoing reasons, Chase respectfully requests a pre-motion conference, or a very short, revised briefing schedule to direct the motions to the only two claims remaining in the Amended Complaint.

Respectfully submitted,

*Toby S. Soli*

Toby S. Soli

cc:   All Counsel of Record (via ECF)

**SOLOMON ROSENGARTEN**
Attorney-at-Law
1704 Avenue M
Brooklyn, New York 11230
(718)627-4460
Fax (718) 637-4456
vokma@aol.com

Admitted to Practice:
New York
New Jersey

September 13, 2021

Hon. Nelson S. Roman
U.S. District Judge
300 Quarropas St.
White Plains, NY 10601-4150

      Re: Lapa v. JPMorgan Chase Bank
      Case No. 21-cv-04737 (NSR)

Dear Judge Roman:

I am writing in response to the letter of defendant's counsel, dated September 13, 2021, seeking a revised briefing schedule or a pre-motion conference. This letter was written after the defendant's motion to dismiss was fully briefed.

Defense counsel's request is disingenuous and should be denied. Defendant's attorney is seeking to file another motion to dismiss, allegedly to address the Amended Complaint. Her letter indicates that the motion to dismiss, which has been fully briefed, was addressed to the Complaint and not the Amended Complaint. This, of course, does not make any sense. The Amended Complaint was filed on July 1, 2021 and defendant's motion to dismiss was filed on July 23, 2021. There is no reason that a defendant would move to dismiss a Complaint which has been superseded by an Amended Complaint. Moreover, defense counsel conveniently does not mention the Court's decision on its request for a pre-motion conference, in which it stated that "The Court construes Defendant's motion as request for leave to file a motion to dismiss the **amended complaint** (emphasis added) . . ." [Dkt. #15]. It was manifestly evident that the motion to dismiss authorized by the Court was a motion which would address the Amended Complaint. Defense counsel's argument that she should now be permitted to make another such motion is nothing more than an attempt to get a "second bite of the apple" and should be summarily denied.

Respectfully yours,

s/ *Solomon Rosengarten*

Solomon Rosengarten