USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/2022

**MEMORANDUM ENDORSEMENT**

David Lapa v. JPMorgan Chase Bank, N.A.
7:21-cv-04737-NSR-PED

The Court has reviewed Defendant's attached letter motion, dated October 12, 2022 (ECF No. 45), seeking a pre-motion conference in anticipation of a proposed motion to dismiss and Plaintiff's response letter, dated October 14, 2022 (ECF No. 47).

The Court waives the pre-motion conference requirement and grants Defendant leave to file its motion pursuant to the following briefing schedule:

(1) Defendant's moving papers are to be served (not filed) on November 29, 2022;
(2) Plaintiff's opposition papers are to be served (not filed) on December 29, 2022; and
(3) Defendants' reply papers are to be served on January 13, 2023.

All motion papers are to be filed by the parties on the reply date, January 13, 2023. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served per this Court's local emergency civil rules. The Clerk of Court is directed to terminate the motion at ECF No. 45.

Dated: October 21, 2022
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE



Toby S. Soli
Tel 212.801.3196
solit@gtlaw.com

October 12, 2022

**VIA ECF**
The Honorable Nelson Stephen Román
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    *David Lapa v. JPMorgan Chase Bank, N.A.*; No. 7:21-cv-04737-NSR

Dear Judge Román:

      We represent Defendant JPMorgan Chase Bank, N.A. ("Chase") in the above-referenced matter and write, pursuant to Rule 3.A.ii of Your Honor's Individual Practices in Civil Cases, to respectfully request a pre-motion conference in connection with Chase's anticipated motion to dismiss, *with prejudice*, the Second Amended Complaint ("SAC") filed by plaintiff David Lapa ("Plaintiff" or "Lapa") on September 11, 2022 (ECF No. 43).

## I. Procedural Background

      Plaintiff repeatedly has attempted to assert contract claims against Chase related to the closure of his credit card accounts and bank accounts on May 14, 2021. On August 11, 2022, Your Honor issued an Opinion & Order (ECF No. 42)("Order"), dismissing Plaintiff's First Amended Complaint ("FAC") because Plaintiff failed to supply this Court with the terms of the contract(s) that were supposedly breached. In the Order, Your Honor stated:

> As a threshold matter, Plaintiff fails to satisfy the pleading standard under Rule 12(b)(6) for his failure to supply this Court with a contract, or at least specific contractual language. …
>
> Common sense as well as the law prescribe that the determination of a contract breach claim requires, at a minimum, terms of the underlying contract.

(ECF No. 42 at 6.) Your Honor granted Plaintiff leave to amend, but the Order specifically instructed Plaintiff to include the contract(s) at issue:

> Plaintiff is advised that any re-filing would be futile absent the inclusion of the specific contractual terms in his second amended complaint, to which the underlying contractual documents ***must be attached as exhibits***.

(ECF No. 42 at p. 7 (emphasis added).)

**Greenberg Traurig, LLP | Attorneys at Law**
445 Hamilton Avenue | 9th Floor | White Plains, NY 10601 | T +1 914.286.2900 | F +1 914.286.2990

www.gtlaw.com

The Honorable Nelson Stephen Román
October 12, 2022
Page 2

In direct violation of this Court's Order, Plaintiff filed his Second Amended Complaint on September 11, 2022 (ECF No. 43), *without attaching the parties' contract as an exhibit*. Worse yet, Plaintiff selectively quotes one section of the contract out-of-context, and completely ignores the other sections of the contract relating directly to the cancelation or closure of credit card accounts. The reason for Plaintiff's failures is clear.[1] The written terms of the Chase Sapphire Cardmember Agreement (the "Cardmember Agreement")[2] plainly state that Chase can cancel or close the account at any time, for any reason, and nothing in the Cardmember Agreement requires Chase to provide Plaintiff with "prior notice" before closing the account.

## I. Lapa Has Not Pled a Plausible Claim for Breach of the Cardmember Agreement.

In the SAC, Plaintiff alleges that Chase breached the parties' contract by closing his credit card account "without giving him prior notice that the account would be closed." (SAC ¶ 9.) But the clear and unambiguous language in the Cardmember Agreement precludes any breach of contract claim related to the closure of Lapa's credit card accounts. This Court may consider *all* the terms in the Cardmember Agreement because it is *integral* to the SAC. (ECF No. 42, citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).) The express terms of the Cardmember Agreement provide, among other things:

- "This document together with the Rates and Fees Table is an agreement between you, the cardmember, and JPMorgan Chase Bank, N.A. … Your use of the account or any payment on the account indicates your acceptance of the terms of this agreement."

- "Credit Access Line. [Chase] may *cancel*, change or restrict your credit availability *at any time.* Each transaction is considered for approval on an individual basis…. [Chase] may not approve all transactions."

- "Automatic Charges. If your account is closed or suspended, or your account number changes, you will need to contact any persons that you are paying by automatic transactions. *[Chase is] not responsible for scheduled and repeated transactions if your account is closed*…."

- "Authorization of Transactions/**Closing Your Account**. [Chase] is not obligated to honor every transaction, and *[Chase] may close or suspend your account*. Sometimes [Chase

---

[1] Plaintiff did not make an innocent mistake when he failed to include the relevant contract provisions relating to closure of his account. These exact terms were at issue and fully-briefed in connection with Chase's motion to dismiss the FAC.

[2] Notably, in his SAC, Plaintiff dropped all claims related to the closure of his *bank accounts*. (*Compare* FAC *with* SAC.) Thus, the terms of the Deposit Account Agreement ("DAA"), which governed Plaintiff's bank accounts and was previously submitted to this Court, is no longer applicable because Plaintiff's claims in the SAC are related only to his credit card accounts. In his SAC, Plaintiff does not identify his credit card account by type or account number. However, Plaintiff previously submitted the Chase Sapphire Cardmember Agreement as an exhibit to Plaintiff's initial Complaint and application for TRO in state court. (*See* ECF No. 1-2.)

The Honorable Nelson Stephen Román
October 12, 2022
Page 3

> may] close accounts based not on your actions or inactions, but on [Chase's] business needs. **[Chase] may decline transactions for any reason**, including: operational matters, the account is in default, or suspected fraudulent or unlawful activity. [Chase is] not responsible for any losses associated with a declined transaction."

- "What happens if … my account is closed or suspended? You remain responsible for your balance. Even if your account is closed or suspended, you must still repay all amounts you owed under the account."

(Cardmember Agreement, pp. 2, 4, 5, 9.) These unambiguous terms leave no doubt that Chase has the contractual right to close Lapa's credit card accounts, at any time, for any reason. Nothing in Cardmember Agreements suggests or implies in any way that Chase cannot close the credit card account without first notifying Lapa. Such allegations are contrary to the plain language of the parties' contract.

### II.  Lapa Does Not Allege Facts Sufficient to Support a Plausible Claim for Breach of the Implied Covenant of Good Faith and Faith Dealing.

In his SAC, Lapa eliminated his separate, stand-alone cause of action for breach of the implied covenant (Count IV in the original Complaint), and instead he combined the allegations, claiming that Chase's closure of the accounts without notice constituted *both* a breach of the express terms of the parties' agreements and the implied covenant in those agreements (SAC ¶ 12). But these mere conclusory allegations do not supply the missing *factual* predicate required for a viable claim for breach of the implied covenant.

Here, Chase had the express contractual right to close the accounts and there was no requirement to provide advance notice. The implied covenant does not create new duties, especially duties that negate defendant's explicit rights under the contract. Moreover, Lapa has failed to plead any additional *facts* that would support an inference that Chase's actions were taken in bad faith. *See Integra FX3X Fund, L.P. v. Deutsche Bank*, AG, No. 14-CV-8400, 2016 U.S. Dist. LEXIS 37092, at *9 (S.D.N.Y. Mar. 22, 2016) (dismissal of implied covenant claim is appropriate where plaintiff's "conclusory allegations of bad faith fail to meet the high bar to state a claim"). Thus, Plaintiff's implied covenant claim should also be dismissed.

### III.  Conclusion

For the foregoing reasons, Chase respectfully requests a pre-motion conference to address Chase's anticipated motion to dismiss the Second Amended Complaint, *with prejudice*.

Respectfully submitted,

*/s/ Toby S. Soli*

Toby S. Soli

The Honorable Nelson Stephen Román
October 12, 2022
Page 4

cc:  All Counsel of Record (via ECF)

**SOLOMON ROSENGARTEN**
Attorney-at-Law
**1704 Avenue M**
**Brooklyn, New York 11230**
**(718) 627-4460**
VOKMA@AOL.COM

**Admitted to Practice:**
**New York**
**New Jersey**

October 14, 2022

Hon. Nelson Stephen Román
United States District Court Judge
300 Quarropas Street
White Plains, NY 10601-4150
VIA ECF

        Re: David Lapa v. JPMorgan Chase Bank, N.A.; No. 7:21-cv-04737-NSR

Dear Judge Román:

I am the attorney for plaintiff in the above-entitled matter. I am writing in response to plaintiff's letter seeking a pre-motion in connection with its anticipated motion to dismiss.

Defendant's counsel is correct in stating the agreement upon which plaintiff relies should have been annexed to the SAC. This omission is inadvertent and I would request leave of the Court to annex said agreement. Plaintiff cannot be prejudiced by this since it is well aware of the contents of this agreement. The full agreement is annexed to this letter.

Plaintiff asserts that plaintiff has only mentioned one provision of the agreement and faults him for failing to state that there are other portions of the agreement which appear to allow Chase to close such accounts without notice. The agreement specifically provides that Chase can close the account if the cardholder is in default. To the extent that there may be conflicting provisions in the agreement, it is well settled that "equivocal contract provisions are generally to be construed against the drafter." *McCarthy v. American Intern. Group, Inc.*, 283 F.3d 121, 124 (2nd Cir. 2002), citing *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 67 (2d Cir.2000). Plaintiff has a right to rely on that principle in connection with his claim and therefore cites that part of the agreement in the SAC.

Respectfully yours,

*Solomon Rosengarten*

Solomon Rosengarten

cc: Toby Soli, Esq. (VIA ECF).