UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID LAPA,

                        Plaintiff,

-against-

JP MORGAN CHASE BANK, N.A.,

                        Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/2023

No. 21 Civ. 4737 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff David Lapa ("Plaintiff" or "Lapa") brings this action against his credit card issuer, JP Morgan Chase Bank, N.A. ("Defendant" or "Chase"), asserting claims for breach of contract and of the implied covenant of good faith and fair dealing. Plaintiff also seeks monetary damages of no less than $200,000.00.

Presently before the Court is Defendant's motion to dismiss the Second Amended Complaint (ECF No. 44, "SAC") pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") (ECF No, 51, the "Motion"). For the following reasons, the Court GRANTS Defendant's Motion and dismisses Plaintiff's claims with prejudice.

## BACKGROUND

### I.    Factual Background

The following allegations are derived from the Second Amended Complaint, and they are taken as true and construed in the light most favorable to Plaintiff for the purposes of this Motion.

Plaintiff alleges that he has been utilizing Chase's banking services for "almost two decades." (SAC ¶ 3.) Plaintiff provides that he is not currently in default on any of his obligations to Chase, and that he has never been in default, throughout the time during which he utilized

1

Chase's banking services. (SAC ¶¶ 5-7.) Plaintiff regularly relied on Chase's credit card and other banking services. (SAC ¶ 13)

On May 14, 2021, Chase allegedly "summarily terminated" Plaintiff's credit card account without prior notice. (SAC ¶ 8). Plaintiff claims that the closure of his credit card account "will have severe negative consequences on his credit standing" and that, if Defendant had given him notice of the termination, he would have acted to avoid its consequences. (SAC ¶¶ 15-17.) Plaintiff also represents that the credit card agreement between himself and Defendant (the "Card Member Agreement") states, "[i]f your account is in default, we may close it without notice"; accordingly, Plaintiff argues that, because he was not in default, Defendant was required to give him notice of the closure of his account. (SAC ¶¶ 10-12.)

## II. Procedural Background

On May 19, 2021, Plaintiff filed his initial Complaint (IC, ECF No. 1-1) and Application for Preliminary Injunction (ECF No. 1-2) in New York State Supreme Court, Rockland County. Plaintiff's Initial Complaint ("IC") asserts five causes of action, among which is an alleged violation of 15 U.S.C. §1637 that Plaintiff no longer includes in the AC. (IC ¶¶ 20-25.) The state court granted Plaintiff's Order to Show Cause with Temporary Restraining Order ("OSC-TRO", or "TRO"), which ordered Chase to reopen Plaintiff's accounts and fully restore Plaintiff's banking privileges. (ECF No. 1-2.) The TRO is currently in effect.

On May 26, 2021, Chase removed the action to this Court on federal question and diversity grounds. (ECF No. 1.) On July 1, 2021, Plaintiff filed the AC. (ECF No 10.)  On July 23, 2021, Chase moved to dismiss the AC without seeking leave of the Court. (ECF Nos. 12-13.) The motion was denied without prejudice for failure to follow this Court's individual rules. (ECF No. 14.) This Court construed Chase's motion as request for leave to file a motion to dismiss the AC,

granted leave, and issued a briefing schedule by memorandum endorsement, directing that opposition papers be served on August 25, 2021, reply papers be served on September 9, 2021, and all papers be filed on September 9, 2021. (*Id*.) In violation of the briefing schedule, Chase filed only its reply papers on September 9, 2021. (ECF Nos. 16-17.)

A few procedural issues subsequently arose— Plaintiff filed a letter motion to strike Chase's reply (ECF No. 21), Chased filed a letter motion to "clean up the docket" (ECF No. 24), Plaintiff opposed Chase's letter motion (ECF No. 25), the Court issued another denial of Chase's motion to dismiss for noncompliance (ECF No. 26) and issued a new briefing schedule (*id*), and Chase then failed to properly file its motion two additional times (ECF Nos. 27-34). On November 16, 2021, Chase finally succeeded in filing its first motion to dismiss with accompanying papers. (ECF Nos. 35-37.)  Plaintiff filed his opposition on November 18, 2021 (ECF Nos. 38-39), and Chase its reply on the same day (ECF Nos. 40-41).

On August 11, 2022, the Court issued an Opinion granting Chase's motions to dismiss and to dissolve the TRO (ECF No. 42.) Specifically, the Court dismissed Plaintiff's claims for breach of contract and of the implied covenant of good faith without prejudice because Plaintiff failed to provide the terms of the agreement. (EC No. 42.)  Plaintiff subsequently filed the Second Amended Complaint (ECF No. 44) on November 16, 2022, again advancing claims for breach of contract and of the implied covenant of good faith. Plaintiff also filed a separate letter that included the Card Member Agreement, on which his claims are based. (ECF No. 47.)

With leave of the Court, on January 30, 2023, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 51.) That same day, Defendant filed a memorandum in support of the Motion (ECF No. 52), Plaintiff filed an opposition to the Motion (ECF No. 54), and Defendant filed a reply to Plaintiff's opposition (ECF

No. 55). Defendant's motion is now before the Court.

## LEGAL STANDARD

I.     **Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), the inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 662. A court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to 12(b)(6). *Cortec Indus, v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public

records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

## DISCUSSION

As noted *supra*, Plaintiff claims that Defendant breached the Card Member Agreement by closing his credit card account without notice. (SAC ¶ 12.) Plaintiff argues that Defendant was required under the Card Member Agreement to give him notice before closing his account, as Plaintiff was not in default. (SAC ¶¶ 10-12.) To support this proposition, Plaintiff points to language in the Card Member Agreement that reads, "[i]f your account is in default, we may close it without notice." (*Id.*) Conversely, Defendant argues that the plain language of the Card Member Agreement permits it to close Plaintiff's account without providing notice or a particular justification, and that it therefore did not breach the Card Member Agreement or its implied covenant of good faith. (ECF No. 55, at 1.) Defendant notes that the Card Member Agreement states, "[Chase] may close or suspend your account" without an accompanying proviso that a cardholder must be in default before Defendant closes or suspend the account, or that Defendant must provide notice before doing so. (*Id.*)

### I.     Breach of the Covenant of Good Faith

As an initial matter, "New York law ... does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir.2002); *Geler v. Nat'l Westminister Bank USA*, 770 F.Supp. 210, 215 (S.D.N.Y.1991) ("Under New York law, a duty of good faith and fair dealing is implicit in every contract, but breach of that duty is merely a breach of the underlying contract."). "Consequently, a claim that defendant has breached the duty of good faith can only survive a motion to dismiss if it is based

5

on allegations that differ from those underlying an accompanying breach of contract claim." *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890(TPG), 2014 WL 1303135, at *6 (S.D.N.Y. Mar.31, 2014); *TVT Records v. Island Def Jam Music Grp.*, 244 F.Supp.2d 263, 277 (S.D.N.Y.2003). A claim for the breach of the implied covenant of good faith and fair dealing must also be dismissed where it "seek[s] to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract." *ARI & Co., Inc. v. Regent Int'l Corp.*, 273 F.Supp.2d 518, 523 (S.D.N.Y.2003) (citation omitted). As Plaintiff's claim for breach of the implied covenant is based on precisely the same facts as its claim for breach of contract,[1] the Court grants Defendant's motion to dismiss it. (*See* SAC ¶¶ 10-12.)

## II. Breach of Contract

Turning to Plaintiff's claim for breach of contract, under New York law, there are four elements to a breach of contract claim: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996). To plead these elements "a plaintiff must identify what provisions of the contract were breached as a result of the acts at issue." *Wolff v. Rare Medium, Inc.*, 171 F.Supp.2d 354, 358 (S.D.N.Y.2001) (dismissing breach of contract claim because plaintiffs failed to identify the contractual provisions that defendant breached). Moreover, "[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Berman v. Sugo L.L.C.*, 580 F.Supp.2d 191, 202 (S.D.N.Y.2008) (citing *Posner v. Minn. Mining & Mfg. Co.*, 713 F.Supp. 562, 563–64 (E.D.N.Y.1989)).

In determining a party's obligations under a contract, "the initial interpretation of a contract

---

[1] The Court takes this opportunity to note that Plaintiff brings only one "cause of action" in the Complaint, lumping his claims for breach of contract and breach of the implied covenant of good faith together. (*See* SAC ¶¶ 3-17.)

Case 7:21-cv-04737-NSR   Document 56   Filed 07/22/23   Page 7 of 9

is a matter of law for the court to decide." *K. Bell & Assocs., Inc. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir.1996) (citation omitted). A contract is unambiguous "if the language it uses has a definite and precise meaning, as to which there is no reasonable basis for a difference of opinion." Lockheed Martin, 639 F.3d at 69. In such circumstances, the contract "must be [interpreted] according to the plain meaning of its terms, without the aid of extrinsic evidence." *Maverick Tube*, 595 F.3d at 467 (internal quotations and citations omitted). Courts should "read the integrated contract as a whole to ensure that undue emphasis is not placed upon particular words and phrases, and to safeguard against adopting an interpretation that would render any individual provision superfluous." *Id.* at 468 (internal quotations and citations omitted). Conversely, a contract is ambiguous "if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context" of the entire agreement as a whole. *Lockheed Martin*, 639 F.3d at 69. "Language whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation,"), unless each is a "reasonable" interpretation. *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir.1989); *see also Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir.1992). Courts should not find the contract language to be ambiguous where such an interpretation urged by one party would "strain [ ] the contract language beyond its reasonable and ordinary meaning." *Bethlehem Steel Co. v. Turner Construction Co.*, 2 N.Y.2d 456, 161 N.Y.S.2d 90, 93, 141 N.E.2d 590 (1957). However, where the contract language creates ambiguity, "extrinsic evidence as to the parties' intent may properly be considered." *JA Apparel*, 568 F.3d at 397 (citation omitted). "Where there is such extrinsic evidence, the meaning of the ambiguous contract is a question of fact for the factfinder." *Id.* (citations omitted).

   Contrary to Plaintiff's arguments, the Card Member Agreement clearly does not establish

7

a duty for Defendant to notify Plaintiff before closing his account, regardless of whether Plaintiff is in default. As Defendant indicates, the Card Member Agreement clearly states under the bolded heading "Authorization of Transactions / Closing Your Account": "[Chase] is not obligated to honor every transaction, and we may close or suspend your account. Sometimes we close accounts based on your actions or inactions but our business needs." (ECF No. 47-1, at 5.) The language that Defendant may close Plaintiff's account simply for their "own business needs," coupled with the absence of any language that indicates Defendant must notify Plaintiff of the closure, demonstrates that the only reasonable interpretation of the Card Member Agreement is that Defendant does not need to provide Plaintiff with advance notice that it will close Plaintiff's account. *See LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir.2005) ("In interpreting a contract under New York law, words and phrases ... should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions.") (internal quotations omitted).

    Thus, the Court dismisses Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Plaintiff's claims are also dismissed with prejudice, as this opinion represents the second instance in which the Court found that it must dismiss Plaintiff's claims as implausible on their face; the allegations advanced in the first and second amended complaints were also highly similar, which highlights the futility of allowing Plaintiff another opportunity to amend. (*See* ECF Nos. 10, 44.); *see also Alexander Gerding, v. American Kennel Club aka AKC, North America Diving Dogs LLC aka NADD, Mr. Dough Ljungren, Mr. Dennis B. Sprung, & Mrs. Debra Markwardt*, No. 1:21-CV-07958 (ALC), 2023 WL 4583771, at *8 (S.D.N.Y. July 18, 2023) (dismissing the plaintiff's claims with prejudice where there was "no indication that granting Plaintiff leave would be anything but futile" because, as in the present

case, the plaintiff was "twice [] given the opportunity to revise his Complaint to bring cognizable claims against Defendants).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's Second Amended Complaint. Plaintiff's remaining claims for breach of contract and breach of the implied covenant of good faith are hereby dismissed with prejudice. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 51, and to close this action.

Dated: July 22, 2023
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge